IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOPE LATISH GALLOWAY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 20-4669 |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY. | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

Hope Latish Galloway ("Galloway" or "Plaintiff") seeks review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of Social Security's ("Commissioner") decision denying her claim for Supplemental Security Income ("SSI").[1]  For the reasons that follow, Galloway's Request for Review will be denied.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Galloway was born on February 16, 1971.  R. at 31.[2]  She has a high school education and is able to communicate in English.  Id.  She has previous work experience as a parking-lot attendant.  Id.  On April 20, 2018, Galloway filed applications for Disability Insurance Benefits ("DIB") and SSI pursuant to Titles II and XVI of the Social Security Act.  Id. at 21.  She alleged that she became disabled on September 5, 2011, due to neck, shoulder, and vision problems, migraines, and a herniated disc.  Id. at 21, 26.  These applications were initially denied on

---

[1]     In accordance with 28 U.S.C. § 636(c), the parties voluntarily consented to have the undersigned United States Magistrate Judge conduct proceedings in this case, including the entry of final judgment.  See Doc. Nos. 5, 9.

[2]     Citations to the administrative record will be indicated by "R." followed by the page number.

September 20, 2018.  Id. at 21.  Galloway then filed a written request for a hearing on October 2, 2018.  Id.  She subsequently amended her onset date to April 20, 2018 and withdrew her request for a hearing regarding her application for DIB.  Id.  A hearing regarding only the denial of her SSI application was held before an Administrative Law Judge ("ALJ") on May 21, 2019.  Id.  On July 17, 2019, the ALJ issued an opinion finding that Galloway was not disabled.  Id. at 33.  The Appeals Council denied Galloway's request for review, thereby affirming the decision of the ALJ as the final decision of the Commissioner.  Id. at 1-3.  Galloway then commenced this action in federal court.

## II.     THE ALJ'S DECISION

In her decision, the ALJ found that Galloway suffered from the following severe impairments: status post motor vehicle accident, cervicalgia, and migraine headaches.  Id. at 24.  The ALJ did not find that any impairment, or combination of impairments, met or medically equaled a listed impairment.  Id. at 25.  The ALJ determined that Galloway retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a), except that she can occasionally push or pull.  She can occasionally operate foot controls.  The claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds.  She is able to occasionally balance, stoop, crouch, kneel, and crawl.  She can frequently reach bilaterally and she can occasionally reach overhead.  The claimant can tolerate occasional exposure to weather, outside atmospheric conditions, non-weather related extreme cold temperatures, wetness, humidity, and excessive vibration.  She must never be exposed to dangerous machinery with moving, mechanical parts or unprotected heights.

Id. at 25-26.

Based on this RFC assessment, the ALJ concluded that Galloway was unable to perform her past relevant work.  Id. at 31.  However, relying on the vocational expert who appeared at the hearing, the ALJ found that there were jobs that existed in significant numbers in the national

economy that Galloway could perform, such as food and beverage sedentary work, assembly work, and inspector positions. Id. at 31-32. Accordingly, the ALJ found that Galloway was not disabled. Id. at 33.

### III. GALLOWAY'S REQUEST FOR REVIEW

In her Request for Review, Galloway contends that the ALJ failed to properly consider the opinion of her treating physician and consultative examiner in making the RFC determination.

### IV. SOCIAL SECURITY STANDARD OF REVIEW

The role of the court in reviewing an administrative decision denying benefits in a Social Security matter is to uphold any factual determination made by the ALJ that is supported by "substantial evidence." 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986); Newhouse v. Heckler, 753 F.2d 283, 285 (3d Cir. 1985). A reviewing court may not undertake a de novo review of the Commissioner's decision to reweigh the evidence. Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986). The court's scope of review is "limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact." Schwartz v. Halter, 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001).

Substantial evidence is a deferential standard of review. See Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). Substantial evidence "'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 564-65 (1988)); Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987).

It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks omitted). The court's review is plenary as to the ALJ's application of legal standards. Krysztoforski v. Chater, 55 F.3d 857, 858 (3d Cir. 1995).

To prove disability, a claimant must demonstrate some medically determinable basis for a physical or mental impairment that prevents him or her from engaging in any substantial gainful activity for a 12-month period. 42 U.S.C. § 423(d)(1); accord id. § 1382c(a)(3)(A). As explained in the applicable agency regulation, each case is evaluated by the Commissioner according to a five-step process:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 to subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520 (references to other regulations omitted); accord id. § 416.920.

V.   **DISCUSSION**

   A.   **Substantial Evidence Supports the ALJ's Decision to Assign No Weight to the Opinion of Galloway's Treating Physician**

Galloway argues that the ALJ's RFC assessment was not supported by substantial evidence because the ALJ did not properly evaluate the opinion of her treating primary care physician, Adam Ellis, D.O.  Pl.'s Br. (Doc. No. 15), at 3-4, 7-11.

Under applicable regulations and controlling case law,[3] when considering a medical opinion, the ALJ is not required to give any "specific evidentiary weight, including controlling weight" to any one opinion.  20 C.F.R. § 404.1520c(a).  Instead, the ALJ must consider all medical opinions and "evaluate their persuasiveness" based on the following five factors: supportability; consistency; relationship with the claimant; specialization; and "other factors."  Id. § 404.1520c(a)-(c).  The ALJ must "articulate how [he or she] considered the medical opinions" and "how persuasive [he or she] find[s] all of the medical opinions."  Id. § 404.1520c(a).  The two most important factors for determining the persuasiveness of medical opinions are consistency and supportability.  Heisey v. Saul, No. 20-324, 2020 WL 6870738, at *9 (E.D. Pa. Nov. 23, 2020).  "The more relevant the medical evidence and supporting explanations provided by a medical source are to support his or her medical opinion . . . , the more persuasive the medical opinion . . . ."  20 C.F.R. § 404.1520c(c)(1).  In addition, "[t]he

---

[3]   The Commissioner made "sweeping changes" to the rules regarding the evaluation of medical opinion evidence that became effective on March 27, 2017.  Lepperd v. Berryhill, No. 16-02501, 2018 WL 1571954, at *6 n.10 (M.D. Pa. Feb. 20, 2018) (citing Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017)), report and recommendation adopted, No. 16-2501, 2018 WL 1566662 (M.D. Pa. Mar. 30, 2018). Those changes abandoned the treating-physician rule.  See 20 C.F.R. § 404.1520c.  Because Galloway filed her application for SSI benefits after March 27, 2017, all medical opinions will be evaluated in accordance with the changed rules.

more consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources . . . , the more persuasive the medical opinion . . . will be." Id. § 404.1520c(c)(2).

Dr. Ellis did not conduct an examination of Galloway between the date of the onset of her disability, April 20, 2018, and the ALJ hearing on May 21, 2019. R. at 27. The notes from Galloway's visits to Dr. Ellis in the years before the onset date are illegible and do not provide any information regarding Galloway's physical condition. Id. On February 15, 2018, Dr. Ellis opined[4] that Galloway could occasionally lift and carry fewer than 10 pounds and could use her hands, fingers, and arms for 10 percent of an eight-hour workday. Id. at 387. He also indicated that Galloway would likely be absent from work three to four times a month due to her impairments. Id.

The ALJ found Dr. Ellis' opinion "unpersuasive." Id. at 30. The ALJ explained that Dr. Ellis' opinion was "not consistent with [Galloway's] routine and conservative course of treatment, and the record as a whole does not support the limitations in the use of her hands." Id. This finding is supported by substantial evidence.

Galloway's course of treatment included only intermittent physical therapy sessions since 2011. Id. at 429-540. She was also prescribed 800 milligrams of Ibuprofen for pain. Id. at 345. Galloway did not seek treatment from an orthopedic surgeon, neurologist, or pain management specialist. Id. at 29. Her physical therapists generally recommended she attend two to three sessions weekly and complete exercises at home, which she did only "sometimes." Id. at 429-540. Galloway's conservative medical treatment and pain management plan indicate an

---

[4]   It appears that the first page of the form offered as Dr. Ellis' opinion is missing from the record. R. at 387.

6

inconsistency with Dr. Ellis' assertion that Galloway's condition was significantly limiting and that she would miss work up to three to four times a month due to her impairments.  Indeed, Dr. Ellis' opinion provides no explanation whatsoever explaining why she has these limitations.

To the extent Galloway argues that the ALJ's decision was based on speculation and a "lay opinion" disallowed in SSI findings, that argument fails.  Pl.'s Br. at 7.  In SSI and DIB determinations, physical therapy and medication constitute routine and conservative treatment.  Irwin v. Comm'n of Soc. Sec., No. 19-5109, 2020 WL 1888958, at *1 (E.D. Pa. Apr. 16, 2020).  Here, the ALJ was merely comparing Galloway's sporadic experiences with physical therapy since 2011 with the severe limitations Dr. Ellis indicated, demonstrating the inconsistency of his opinion with the larger record as a whole.  R. at 27, 30-31.  The ALJ's comparison of two portions of the record to determine what weight Dr. Ellis' opinion should be afforded is not speculative or a lay opinion; it is part of the ALJ's obligation under applicable case law and controlling regulations.  See 20 C.F.R. § 404.1520c(a)-(c) ("The more consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources . . . , the more persuasive the medical opinion . . . will be.").  Therefore, Galloway's argument that the ALJ's rejection of Dr. Ellis' opinion was speculative or a lay opinion must fail.

Furthermore, Galloway's activities of daily living included making her own meals, taking care of a child, cooking three days a week, doing laundry three days per month, shopping for food, clothing, and everyday essentials in stores and online, and driving—all of which require frequent use of her hands, fingers, and arms.  R. at 29, 337-40, 410.  She told the consultative examiner, David Dzurinko, D.O., that she bathes and dresses herself seven days a week.  Id. at 410.  At the ALJ hearing, Galloway testified that she can do chores, wash dishes, and fold laundry "with assistance."  Id. at 52.  She also told the ALJ that she takes the bus.  Id. at 47.

7

Galloway's own statements about her functional independence and ability to frequently do activities requiring the use of her hands contradicts the limitations proffered by Dr. Ellis.

Galloway argues that the ALJ erred in failing to properly value the perspective of a treating physician, like Dr. Ellis, who has a longstanding relationship with the patient. Pl.'s Br. at 8. Galloway alleges that this relationship "allows for greater insight into Plaintiff's functioning." Id. However, because Galloway applied for SSI after March 27, 2017, the controlling weight formerly given to a treating physician's opinion no longer applies. See 20 C.F.R. § 404.1520c. Instead, the ALJ was required to weigh all medical providers' opinions based on their persuasiveness, not the nature of their relationship with the claimant. Id. § 404.1520c(a). Thus, Galloway's argument that Dr. Ellis' opinion required greater weight because of his role as a treating physician lacks substance.

Additionaly, the opinion of State agency medical consultant, Michael J. Brown, D.O., supports the lack of weight given to Dr. Ellis' opinion with regard to the ALJ's RFC determination. Dr. Brown provided his medical evaluation on September 20, 2018. R. at 29. His findings were inconsistent with Dr. Ellis' opinion; he determined that Galloway could occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, and perform less than a full range of light work. Id. The ALJ found that Dr. Brown's opinion was "generally persuasive" as consistent with the record but that evidence presented at the hearing supported greater limitations. Id. at 30. While Dr. Brown's findings were the result of a comprehensive review of Galloway's medical records up to 2018, Dr. Ellis' opinions were indicated by checking boxes on a form without an evaluation or any explanation. Id. at 387. Dr. Brown's findings regarding Galloway's functional limitations—as well as the weight granted to those findings by

the ALJ—indicate that substantial evidence supports the ALJ's determination that Dr. Ellis' opinion was unpersuasive.

Galloway further argues that, because Dr. Ellis' treatment notes regarding Galloway were illegible, the ALJ "should have re-contacted [him] to receive clarification." Pl.'s Br. at 8. Galloway connects this argument to the need for the ALJ to "develop the record and address any incompleteness." Pl.'s Reply Br. (Doc. No. 17) at 3. When a record is adequate to make a disability determination without the content of the illegible notes, an ALJ is not required to contact a physician to clarify those notes. Swanson v. Comm'r of Soc. Sec., No. 15-08894, 2017 WL 825199, at *5 (D.N.J. Mar. 7, 2017). However, where the notes are likely to contain significant evidence material to the outcome of an applicant's claim, the ALJ's failure to fully develop the record by obtaining the relevant information is a reversible error. Report and Recommendation at 4-9, Lewis v. Berryhill, No. 17-00058 (E.D. Pa. Mar. 26, 2018), Doc. No. 21 (where this Court granted a Request for Review because no legible notes existed regarding an allegedly disabling condition and the ALJ failed to complete the record); Hennion v. Colvin, No. 13-00268, 2015 WL 877784, at *22-23 (M.D. Pa. Mar. 2, 2015); Berrios-Vasquez v. Massanari, No. 00-CV-2713, 2001 WL 868666, at *6 (E.D. Pa. May 10, 2001); see also Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997); Bishop v. Sullivan, 900 F.2d 1259, 1262 (8th Cir. 1990). Here, Dr. Ellis' illegible notes were all from before the period between the onset of the alleged disability and the hearing date, except for one list of prescription medications in 2019. R. at 388-94, 541. Besides these notes, the ALJ had the benefit of three different medical opinions in the record: Dr. Ellis' form about Galloway from February 2018, Dr. Dzurinko's results from a one-time physical examination of Galloway in September 2018, and Dr. Brown's review of Galloway's medical records in September 2018. Id. at 29-31. The conditions about which each

physician opined were the same; Dr. Ellis was not the only physician evaluating a singular impairment of Galloway's. Id. Accordingly, Dr. Ellis' illegible notes were not likely to contain significant evidence material to the outcome of Galloway's claim, since the record contained legible opinions from Dr. Ellis and two other physicians about the same conditions.

> **B.    Substantial Evidence Supports the ALJ's Decision to Assign Partial Weight to the Opinion of the Consultative Examiner**

Galloway next argues that the ALJ's RFC assessment was not supported by substantial evidence because the ALJ did not properly evaluate the opinion of consultative examiner, Dr. Dzurinko. Pl.'s Br. at 3-6.

Dr. Dzurinko conducted a one-time physical examination of Galloway on September 11, 2018. R. at 409. He noted that Galloway could walk without assistive devices and that, despite having no range of motion in her left foot during the evaluation, she walked "with demonstrable range of motion on the left ankle" as she left the office. Id. at 413. Dr. Dzurinko noted that Galloway's bilateral grip strength was 60% during the physical examination but that she grasped a bag in each hand when she left the office. Id. He also indicated that her ability to button, zip, and tie was intact. Id.

Dr. Dzurinko opined that Galloway could occasionally lift and carry up to 10 pounds, stand or walk for two hours total during the workday, and occasionally reach with both hands in all directions except overhead. Id. at 414-16. He opined that Galloway could use both hands to occasionally handle, finger, feel, and pull and could sort, handle, and use paper. Id. at 416, 419.

The ALJ found Dr. Dzurinko's opinion "partially persuasive." Id. at 30. The ALJ explained that Dr. Dzurinko's opinion that Galloway could perform "less than the full range of sedentary work" was consistent with the record but that his findings about Galloway's manipulative limitations were not supported by the record. Id. The ALJ stated that these

limitations were instead based on Galloway's subjective complaints. Id. The ALJ's finding is supported by substantial evidence.

The ALJ's determination regarding the persuasiveness of Dr. Dzurinko's opinion is supported by its partial consistency with Dr. Brown's opinion. Id. at 29-30. Dr. Brown determined that Galloway could perform "less than the full range of light work" based on her lack of manipulative limitations, her ability to occasionally lift and carry 20 pounds, and her ability to sit for six hours of an eight-hour workday. Id. at 30, 140-42. Dr. Brown's opinion expressly stated that Dr. Dzurinko's examination was "impacted by [an] incomplete exam and feigned behavior of [Galloway]." Id. at 142. He indicated that Dr. Dzurinko's opinion was based on Galloway's subjective complaints rather than the objective findings of the exam or the medical evidence of record. Id. He proffered that Galloway's arm and hand limits are "mild at most," noting Dr. Dzurinko's observation that Galloway carried a bag in each hand when leaving the office. Id. The ALJ found Dr. Brown's opinion generally persuasive but subject to greater limitations based on evidence provided at the hearing. Id. at 30. Dr. Brown's opinion and its limitations are generally consistent with Dr. Dzurinko's finding that Galloway can sit for eight hours during the workday and occasionally lift and carry 10 pounds. Id. at 415-16. This partial consistency among the physical examinations that took place after the alleged disability onset date demonstrate that there is substantial evidence for the ALJ's finding that Dr. Dzurinko's opinion was partially persuasive.

Galloway contends that the ALJ "mischaracterize[d] evidence" by stating that Dr. Dzurinko's conclusions were based on Galloway's subjective complaints. Pl.'s Br. at 6. She further asserts that "[t]here is absolutely no indication" in the record that her manipulative limitations were based on subjective reports. Id. Contrary to this argument, the record was

11

replete with instances demonstrating that Galloway does not have the manipulative limitations Dr. Dzurinko indicated, including his own observations regarding her grip strength and ability to button, zip, and tie.  R. at 413.  Indeed, the record also included Dr. Brown's explicit opinion that the limitations were based on subjective complaints.  Id. at 142.  Moreover, as discussed supra in Section V.A., the activities that Galloway can engage in by herself and with assistance support the finding that her manipulative limitations were not as severe as Dr. Dzurinko opined.  Here, the record provided the ALJ with substantial evidence to support the conclusion that the manipulative limitations were based on subjective reports.

Galloway also maintains that the ALJ erred in finding Dr. Brown's opinion generally persuasive because it was "an outlier" and "not consistent with any other medical opinion."  Pl.'s Br. at 10.  Consistency is an important factor in determining the persuasiveness of a medical opinion, but the factor does not require consistency only with the other medical opinions; rather, an ALJ determines an opinion's persuasiveness by its consistency with "other medical sources *and* nonmedical sources."  20 C.F.R. § 404.1520c(c)(1) (emphasis added).  Here, the ALJ determined Dr. Brown's opinion was "consistent with the record," which included medical opinions, Galloway's own admissions about her activities, physical therapy records, and testimony from the hearing before the ALJ.  R. at 39-60, 133-44, 337-39, 386-87, 409-540.  The persuasiveness of Dr. Brown's opinion was not required to rest solely on its consistency with Drs. Dzurinko's and Ellis' opinions.

Even so, Dr. Brown's opinion was generally consistent with Dr. Dzurinko's finding that Galloway can do less than the full range of sedentary work; Dr. Brown stated that Galloway can perform "less than the full range of light work," which the ALJ further limited consistent with the evidence adduced at the hearing.  Id. at 30.  As discussed supra, Dr. Brown's opinion is not

an outlier as Galloway suggests, given its consistency with the record as a whole and with parts of Dr. Dzurinko's findings. Consequently, Galloway's argument that the ALJ's determination regarding its persuasiveness lacks merit.

## VI. <u>CONCLUSION</u>

For the reasons set forth above, this Court finds that the ALJ's decision is supported by substantial evidence. Therefore, Plaintiff's Request for Review will be denied and dismissed. An appropriate order follows.

Dated: September 30, 2021

                                          BY THE COURT:

                                          <u>*/s/ Marilyn Heffley*</u>
                                          MARILYN HEFFLEY
                                          UNITED STATES MAGISTRATE JUDGE